**No. 24-6623**

---

# IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

_____

KARA SANDLER,

Plaintiff-Appellee

v.

MODERNIZING MEDICINE, INC.,

Defendant-Appellant

_____

On Appeal from the United States District Court
for the Southern District of California

Case No. 3:24-cv-00812-AJB-BJC
Hon. Anthony J. Battaglia

_____

## APPELLANT MODERNIZING MEDICINE, INC.'S OPENING BRIEF

_____

Leslie Goff Sanders
BARTON LLP
611 Commerce Street, Suite 2911
Nashville, TN  37203
Tel: (615) 340-6790

Bernard M. Resser
BARTON LLP
100 Wilshire Boulevard, Suite 1300
Santa Monica, CA 90401
Telephone: (212) 687-6262

_Attorneys for Appellant_
MODERNIZING MEDICINE, INC.

## DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1(a), the undersigned

certifies that there is no parent corporation, nor is there any publicly held

corporation that owns 10% or more of stock, of Appellant MODERNIZING

MEDICINE, INC.


Date: April 1, 2025

**BARTON, LLP**


   */s/ Leslie Goff Sanders*____
   Leslie Goff Sanders
BARTON LLP
611 Commerce Street, Suite 2911
Nashville, TN  37203
Tel: (615) 340-6790

Bernard M. Resser
BARTON LLP
100 Wilshire Boulevard, Suite 1300
Santa Monica, CA 90401
Telephone: (212) 687-6262

*Attorneys for Appellant*
MODERNIZING MEDICINE, INC.

## TABLE OF CONTENTS

**Page**

DISCLOSURE STATEMENT…………………………..…………i

TABLE OF AUTHORITIES……………………………………..…..iv

INTRODUCTION…………………………………………………...1

JURISDICTIONAL STATEMENT…………………………..……3

ISSUES PRESENTED…………………………………............3

STATUTORY AUTHORITIES……………………………...…......4

STATEMENT OF THE CASE……………………………….……4

SUMMARY OF THE ARGUMENT……………………….......10

STANDARD OF REVIEW……………………………….………11

ARGUMENT……………………………………………….………12

    I.     THE DISTRICT COURT ERRED IN REFUSING
           TO ENFORCE THE DELEGATION CLAUSE…………12

    II.    THE ARBITRATION PROVISION IS
           ENFORCEABLE…………………………………...17

          A.    The District Court Erred in Ruling that
               There Is a Lack of Mutuality as to the Parties
               Subject to the Arbitration Provision………………19

          B.    The District Court Erred in Ruling that
               There Is a Lack of Mutuality as to the
               Jury Waiver Provision……………………………22

C.     The District Court Erred in Ruling that the Arbitration Provision is Unconscionable Because of Its Infinite Duration……………………23

D.     The District Court Erred in Ruling That the Carve-Lout for Equitable or Injunctive Relief Is Unconscionable………………………..25

III.     TO THE EXTENT ANY OF THE PROVISIONS OF THE CONTRACT ARE UNENFORCEABLE, THEY SHOULD HAVE BEEN SEVERED……………….…..29

CONCLUSION……………………………………………………....34

STATEMENT OF RELATED CASES…………………………….....36

STATEMENT OF COMPLIANCE………………………………37

ADDENDUM

# TABLE OF AUTHORITIES

**Cases**                                                          **Page(s)**

*Armendariz v. Foundation Health Psychcare Services, Inc.,*
     6 P.3d 669 (Cal. 2000)…………………………………..…18, 29, 30

*Bank of the West v. Superior Court*, 833 P.2d 545 (Cal. 1992)………………..33

*Bell v. Redfin Corp.*, No. 20-CV-2264-AJB-AGS,
     2021 WL 5444791(S.D. Cal. Aug. 12, 2021)…………………...14, 15, 16

*Bielski v. Coinbase, Inc.,* 87 F. 4th 1003(9th Cir. 2023)………………….…18

*Bridge Fund Cap. Corp. v. Fastbucks Franchise Corp.,*
     622 F.3d 996 (9th Cir. 2010) …………………………………………....11

*Cook v. University of Southern California,*
     321 Cal.Rptr.3d 336 (Ct. App. 2024)……………………………19, 21, 24

*Dennison v. Rosland Cap.*, 47 Cal. App. 5th 204 (2020)……...…,,,,,.…………13

*Farrar v. Direct Commerce, Inc.*, 215 Cal.Rptr.3d 785 (Ct. App. 2017)………32

*McLellan v. Fitbit, Inc.*, No. 3:16-CV-00036-JD,
     2017 WL 4551484 (N.D. Cal. Oct. 11, 2017) …………………………...15

*MegaCorp Logistics LLC v. Turvo, Inc.*, No. 18-cv-01240-EMC,
     2018 WL 3619656 (N.D. Cal. July 30, 2018)………………………14, 15

*Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201
     (9th Cir. 2016)………………………………………...13, 14, 15, 16, 17

*O'Connor v. Uber Techs.,* 904 F.3d 1087
     (9th Cir. 2018)……………..………………………………………...11

*Poublon v. C.H. Robinson Co.*, 846 F.3d 1251
     (9th Cir. 2017)………………………………………11, 18, 29, 30, 32, 34

*Roman v. Superior Court*, 92 Cal. Rptr. 3d 153
(Ct. App. 2009)……………………………………………………. 3, 23, 29

*Stirlen v. Supercuts, Inc.*, 60 Cal.Rptr.2d 138 (Ct. App. 1997)………………..29
*Taylor v. Shutterfly, Inc.*, No. 18-cv-00266-BLF,
2018 WL 4334770 (N.D. Cal. Sept. 11, 2018)……………………..14, 16

*Yokoyama v. Midland Nat'l Life Ins. Co.*, 594 F.3d 1087
(9th Cir. 2010)………….…………………………………..…………12

**Statutes**                          **Page(s)**

28 U.S.C. §1332(a)(1)……………………………………….……… 3

28 U.S.C. §1331 ……………………………………………………. 3

9 U.S.C. §16(a)(1)(B) …………………………………………… 3

29 U.S.C. §2614(a) …………………………………………… 9

Cal. Civil Code § 1599……………………………………..………..29

Cal Civil Code §1670.5…………………………………………..30

**<u>INTRODUCTION</u>**

Defendant-Appellant MODERNIZING MEDICINE, INC. ("ModMed") employed Plaintiff-Appellee KARA SANDLER ("Sandler") as a medical software salesperson. Sandler willingly entered into a binding, valid, and enforceable arbitration agreement when she signed the "At-Will Employment, Confidential Information, Invention Assignment, and Arbitration Agreement–California" (the "CIIAAA") upon being hired by ModMed.

Section 13 of the CIIAAA contains an arbitration provision (the "Arbitration Provision"), which sets forth the Parties' agreement to arbitrate all claims related to Sandler's employment, and which complies with all appropriate legal requirements of both federal and California law.

Sandler, however, ignored her agreement to arbitrate and instead filed a Complaint in the district court, asserting claims of discrimination, failure to accommodate, and retaliation. All of Sandler's causes of action in the underlying action arise from her employment with ModMed and are, therefore, subject to the Arbitration Provision. ModMed, thus, filed a motion to compel arbitration. However, the district court erroneously denied the motion.

Despite recognizing that the incorporation of the JAMS Rules in the Arbitration Provision constitutes "clear and unmistakable" evidence that the parties agreed to arbitrate arbitrability, the district court ruled that it would nevertheless

decide the gateway issue of arbitrability because it believed that the severability provision in the CIIAAA negates the "clear and unmistakable" delegation to the arbitrator to decide unconscionability. This finding was contrary to Ninth Circuit precedent as well as a previous decision by the same district court as discussed in detail *infra*.

The district court then ruled that, even though there was only a low degree of procedural unconscionability based on the Arbitration Provision's adhesive nature, it was substantively unconscionable and, therefore, unenforceable because (1) the Arbitration Provision allowed ModMed to apply to a court for "equitable or injunctive relief" for breach of the restrictive covenants in the CIIAAA; (2) the district court believed that there is a lack of mutuality as to the parties subject to the Arbitration Provision; (3) the district court believed that there is a lack of mutuality as to the jury waiver; and (4) the CIIAAA survives the termination of Sandler's employment.

However, none of the provisions referred to by the district court are unconscionable, let alone to the degree of unconscionability required to deem the entire Arbitration Provision unenforceable.

Moreover, any purportedly objectionable provision could easily be – and should have been – severed.  The district court ignored California's "strong legislative and judicial preference" for severance and erroneously refused to sever

provisions that can easily be excised without disturbing the "main purpose of the contract" when it declined to sever the purportedly improper terms, thereby abusing its discretion. *Roman v. Superior Court*, 92 Cal. Rptr. 3d 153, 166 (Ct. App. 2009).

For all these reasons, ModMed respectfully requests this Court to vacate the district court's order denying ModMed's Motion to Compel Arbitration and to Stay the Action Pending Arbitration. ModMed further respectfully requests this Court to direct the district court to order Sandler to submit all claims in her Complaint to arbitration before JAMS, and to direct the district court to stay the underlying action pending completion of the arbitration.

## JURISDICTIONAL STATEMENT

The district court had jurisdiction over this case pursuant to 28 U.S.C. §1332(a)(1) and 28 U.S.C. §1331. This Court has jurisdiction pursuant to 9 U.S.C. §16(a)(1)(B). The district court order on appeal was filed on October 9, 2024. ER-3. The notice of appeal was timely filed on October 28, 2024. ER-111.

## ISSUE(S) PRESENTED

1.     Whether the district court erred in ruling that the contractual delegation clause was unenforceable.

2.     Whether the district court erred in ruling that the Arbitration Provision was unenforceable.

3. Whether the district court erred in ruling that the provisions it found unconscionable could not be severed.

## STATUTORY AUTHORITIES

All relevant statutory authorities appear in the Addendum at the end of this brief. *See* Ninth Cir. R. 28-2.7.

## STATEMENT OF THE CASE

### Sandler and ModMed Enter Into A Valid and Enforceable Agreement to Arbitrate.

ModMed is a medical software company that develops electronic health records systems which it sells throughout the country. ER-19.

In 2015, ModMed acquired gMed, Inc. ("gMed"), Sandler's previous employer. ER-22.

ModMed made an offer of employment to Sandler on September 2, 2015, via an Offer Letter, with employment to commence on October 1, 2015. ER-22.

The Offer Letter expressly referenced the "At-Will Employment, Confidential Information, Invention Assignment, and Arbitration Agreement– California" (the "CIIAAA"), which contains the Arbitration Provision at issue here among other provisions including, but not limited to, restrictive covenants, confidentiality provisions and assignment of intellectual property. ER-22, 27.

The Arbitration Provision sets forth the Parties' agreement to arbitrate all claims related to Sandler's employment, and provides in pertinent part as follows:

-4-

## 13. ARBITRATION AND EQUITABLE RELIEF

A. *Arbitration*. IN CONSIDERATION OF MY EMPLOYMENT WITH THE COMPANY, ITS PROMISE TO ARBITRATE ALL EMPLOYMENT-RELATED DISPUTES, AND MY RECEIPT OF THE COMPENSATION, PAY RAISES, AND OTHER BENEFITS PAID TO ME BY THE COMPANY, AT PRESENT AND IN THE FUTURE, I AGREE THAT ANY AND ALL CONTROVERSIES, CLAIMS, OR DISPUTES WITH ANYONE (INCLUDING THE COMPANY AND ANY EMPLOYEE, OFFICER, DIRECTOR, STOCKHOLDER, OR BENEFIT PLAN OF THE COMPANY, IN THEIR CAPACITY AS SUCH OR OTHERWISE), WHETHER BROUGHT ON AN INDIVIDUAL, GROUP, OR CLASS BASIS, ARISING OUT OF, RELATING TO, OR RESULTING FROM MY EMPLOYMENT WITH THE COMPANY OR THE TERMINATION OF MY EMPLOYMENT WITH THE COMPANY, INCLUDING ANY BREACH OF THIS AGREEMENT, SHALL BE SUBJECT TO BINDING ARBITRATION UNDER THE FEDERAL ARBITRATION ACT IN CONFORMITY WITH THE PROCEDURES OF THE CALIFORNIA ARBITRATION ACT (CAL. CODE CIV. PROC. SEC. 1280 ET SEQ.), COLLECTIVELY REFERRED TO AS THE "ACT". **DISPUTES THAT I AGREE TO ARBITRATE, AND THEREBY AGREE TO WAIVE ANY RIGHT TO A TRIAL BY JURY, INCLUDE ANY STATUTORY CLAIMS UNDER LOCAL, STATE, OR FEDERAL LAW, INCLUDING, BUT NOT LIMITED TO, CLAIMS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, THE AMERICANS WITH DISABILITIES ACT OF 1990, THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967, THE OLDER WORKERS BENEFIT PROTECTION ACT, THE SARBANES-OXLEY ACT, THE WORKER ADJUSTMENT AND RETRAINING NOTIFICATION ACT, THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT, THE FAMILY AND MEDICAL LEAVE ACT, THE CALIFORNIA FAMILY RIGHTS ACT, THE CALIFORNIA LABOR CODE, CLAIMS OF HARASSMENT, DISCRIMINATION, AND WRONGFUL TERMINATION, AND ANY STATUTORY OR COMMON LAW CLAIMS.** I FURTHER UNDERSTAND THAT THIS AGREEMENT TO ARBITRATE ALSO APPLIES TO ANY DISPUTES THAT THE COMPANY MAY HAVE WITH ME, INCLUDING BUT NOT

-5-

LIMITED TO, MISUSE OF CONFIDENTIAL INFORMATION OR INTERFERENCE WITH COMPANY BUSINESS AND WORKFORCE, UNFAIR COMPETITION OR MATTERS INVOLVING INVENTIONS.

ER-34 (capitals, bold, and italics in original).

The parties agreed that the arbitration would be administered by JAMS under its Employment Arbitration Rules and Procedures and that any decree or award rendered by the arbitrator may be entered as a final and binding judgment in court:

B. *Procedure.* I AGREE THAT ANY ARBITRATION WILL BE ADMINISTERED BY JUDICIAL ARBITRATION & MEDIATION SERVICES, INC. ("**JAMS**"), PURSUANT TO ITS EMPLOYMENT ARBITRATION RULES & PROCEDURES (THE "**JAMS RULES**") AND CAN BE FOUND AT www.jamsadr.com. I AGREE THAT THE ARBITRATOR SHALL HAVE THE POWER TO DECIDE ANY MOTIONS BROUGHT BY ANY PARTY TO THE ARBITRATION, INCLUDING MOTIONS FOR SUMMARY JUDGMENT AND/OR ADJUDICATION, MOTIONS TO DISMISS AND DEMURRERS, AND MOTIONS FOR CLASS CERTIFICATION, PRIOR TO ANY ARBITRATION HEARING. I AGREE THAT THE ARBITRATOR SHALL ISSUE A WRITTEN DECISION ON THE MERITS. I ALSO AGREE THAT THE ARBITRATOR SHALL HAVE THE POWER TO AWARD ANY REMEDIES AVAILABLE UNDER APPLICABLE LAW. COMPANY SHALL BE RESPONSIBLE FOR THE ARBITRATOR'S FEES AND EXPENSES, EXCEPT I SHALL BE RESPONSIBLE FOR AN AMOUNT EQUAL TO THE THEN FILING FEE CHARGED BY ANY COURT IN WHICH I COULD HAVE FILED AN ACTION AGAINST COMPANY. EACH PARTY SHALL PAY ITS OWN COSTS AND ATTORNEYS' FEES. HOWEVER, THE ARBITRATOR SHALL AWARD ATTORNEYS' FEES AND COSTS TO THE PREVAILING PARTY, EXCEPT AS PROHIBITED BY LAW. I AGREE THAT THE DECREE OR AWARD RENDERED BY THE ARBITRATOR MAY BE ENTERED

-6-

AS A FINAL AND BINDING JUDGMENT IN ANY COURT HAVING JURISDICTION THEREOF.

ER-35 (capitals, bold, and italics in original).

The parties further agreed that arbitration would be the sole, exclusive, and final remedy for any dispute between Sandler and ModMed:

> C. *Remedy*. EXCEPT AS PROVIDED BY THE ACT AND THIS AGREEMENT, ARBITRATION SHALL BE THE SOLE, EXCLUSIVE, AND FINAL REMEDY FOR ANY DISPUTE BETWEEN ME AND THE COMPANY. ACCORDINGLY, EXCEPT AS PROVIDED FOR BY THE ACT AND THIS AGREEMENT, NEITHER I NOR THE COMPANY WILL BE PERMITTED TO PURSUE COURT ACTION REGARDING CLAIMS THAT ARE SUBJECT TO ARBITRATION. NOTWITHSTANDING ANY PROVISION IN THIS AGREEMENT TO THE CONTRARY, NOTHING, INCLUDING IN THIS **SECTION 13**, SHALL PREVENT THE COMPANY FROM APPLYING TO A COURT OF COMPETENT JURISDICTION TO OBTAIN EQUITABLE OR INJUNCTIVE RELIEF SUCH AS AN APPLICATION FOR A TEMPORARY/PRELIMINARY OR PERMANENT INJUNCTION FOR BREACH OF THE RESTRICTIVE COVENANTS CONTAINED IN THIS AGREEMENT.

ER-35 (capital, bold, and italics in original).

Further, the parties acknowledged their voluntary agreement and their waiver of their right to a jury trial:

> E. *Voluntary Nature of Agreement*. I ACKNOWLEDGE AND AGREE THAT I AM EXECUTING THIS AGREEMENT VOLUNTARILY AND WITHOUT ANY DURESS OR UNDUE INFLUENCE BY THE COMPANY OR ANYONE ELSE. I ACKNOWLEDGE AND AGREE THAT I HAVE RECEIVED A COPY OF THE TEXT OF CALIFORNIA LABOR CODE SECTION 2870 IN EXHIBIT C. I FURTHER ACKNOWLEDGE AND AGREE THAT I HAVE CAREFULLY READ THIS AGREEMENT AND THAT I HAVE

-7-

ASKED ANY QUESTIONS NEEDED FOR ME TO UNDERSTAND THE TERMS, CONSEQUENCES, AND BINDING EFFECT OF THIS AGREEMENT AND FULLY UNDERSTAND IT, INCLUDING THAT *I AM WAIVING MY RIGHT TO A JURY TRIAL*. FINALLY, I AGREE THAT I HAVE BEEN PROVIDED AN OPPORTUNITY TO SEEK THE ADVICE OF AN ATTORNEY OF MY CHOICE BEFORE SIGNING THIS AGREEMENT.

ER-36 (capital, bold, and italics in original).

Sandler accepted ModMed's offer of employment on September 8, 2015, affixing her electronic signature to the Offer Letter via Adobe Acrobat Sign. ER-19-20, 22, 43, 45.

Sandler also agreed to the CIIAAA (including the Arbitration Provision), affixing her electronic signature to it on September 8, 2015, via Adobe Acrobat Sign. ER-19-20, 27, 43, 45.

Sandler alleges that she began her employment with ModMed on October 1, 2015, which is three weeks after she signed the Offer Letter and CIIAAA; and her employment with ModMed terminated on August 21, 2023. ER-70, 25, 27, 43, 45.

**Sandler Improperly Files the Underlying Action, Even Though All of Her Claims Are Required to Be Submitted to Arbitration.**

Ignoring her agreement to arbitrate her claims against ModMed, Sandler filed the underlying action, bringing employment-related claims against ModMed pursuant to various subsections of the California Government Code for alleged age discrimination, disability discrimination, failure to provide reasonable accommodations, failure to engage in the interactive process, California Family

Rights Act ("CFRA") retaliation, retaliation for requesting reasonable accommodations, failure to prevent discrimination and retaliation, and Family and Medical Leave Act ("FMLA") interference pursuant to 29 U.S.C. §2615(a). ER-67-69.

Sandler does not dispute that every claim in Sandler's Complaint and all of the factual allegations in support thereof arise from Sandler's employment with ModMed and relate to the statutory and common law claims that she expressly agreed to arbitrate. ER-6.

ModMed's counsel requested Sandler to proceed with arbitration, but Sandler refused.

**The District Court Denies ModMed's Motion to Compel Arbitration.**

ModMed filed a motion to compel arbitration on June 24, 2024. The district court denied the motion, entering its order on October 9, 2024. ER-3.

First, despite recognizing that the incorporation of the JAMS Rules in the Arbitration Provision constitutes "clear and unmistakable" evidence that the parties agreed to arbitrate arbitrability, the district court ruled that it would nevertheless decide the gateway issue of arbitrability because it believed that the severability provision in the CIIAAA negates the "clear and unmistakable" delegation to the arbitrator to decide unconscionability. ER-8-9.

Then, the district court ruled that, even though there was only a low degree of procedural unconscionability based on the Arbitration Provision's adhesive nature (ER-12), it was substantively unconscionable and, therefore, unenforceable because (1) the Arbitration Provision allowed ModMed to apply to a court for "equitable or injunctive relief" for breach of the restrictive covenants in the CIIAAA (ER-13-14); (2) the district court believed that there is a lack of mutuality as to the parties subject to the Arbitration Provision (ER-14-15); (3) the district court believed that there is a lack of mutuality as to the jury waiver (ER-15-16); and (4) the CIIAAA survives the termination of Sandler's employment (ER-16).

Finally, the district court decided not to sever the provisions it viewed as unconscionable but instead ruled that the Arbitration Provision was unenforceable. ER-16-18.

The district court erred in its rulings.

## SUMMARY OF THE ARGUMENT

I. The district court erred when it concluded that it was appropriate for the court, rather than an arbitrator, to determine arbitrability, even though the court determined that the parties clearly and unmistakably delegated the issue to an arbitrator. To support its conclusion, the court relied on outdated state law and determined that a reference to a "court" in the severability clause rendered the delegation moot, despite Ninth Circuit precedent to the contrary.

II.     The district court erred in finding the agreement to arbitrate Sandler's employment-related claims unconscionable. In reaching this conclusion, the court relied primarily on state law precedent that considered an arbitration clause which was far more overreaching than the arbitration clause at issue.

III.    The district court erred in refusing to sever the purportedly unconscionable provisions, failing to apply California's strong legislative and judicial preference" for severance.

## STANDARD OF REVIEW

The district court's decision to grant or deny a motion to compel arbitration is reviewed de novo. *Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1259 (9th Cir. 2017). Any "questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration." *O'Connor v. Uber Techs.,* 904 F.3d 1087, 1093 (9th Cir. 2018) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)).

The Ninth Circuit reviews the interpretation of contract provisions and the meaning of an agreement to arbitrate de novo. *Poublon,* 846 F.3d at 1259.

A district court's decision not to sever a contract provision is reviewed for abuse of discretion. *Bridge Fund Cap. Corp. v. Fastbucks Franchise Corp.*, 622 F.3d 996, 1000 (9th Cir. 2010). But when a district court's decision is premised on

-11-

an error of law, it is an abuse of discretion. *Yokoyama v. Midland Nat'l Life Ins. Co.*, 594 F.3d 1087, 1091 (9th Cir. 2010).

## ARGUMENT

I.     **THE DISTRICT COURT ERRED IN REFUSING TO ENFORCE THE DELEGATION CLAUSE.**

The district court should have left the question of enforceability of the Arbitration Provision to the arbitrator rather than addressing and deciding the issue.

The district court ruled correctly that "the incorporation of the JAMS Rules in the Arbitration Provision here constitutes 'clear and unmistakable' evidence that the parties agreed to arbitrate arbitrability." ER-8.  But then it erroneously ruled that the presence of the severability clause elsewhere in the CIIAAA nevertheless means that "the Agreement lacks the 'clear and unmistakable evidence' require to override the presumption of judicial review of gateway arbitrability." ER-8. Specifically, while Section 13 of the CIIAAA addresses arbitration and arbitrability of the claims at dispute in this underlying lawsuit, Section 14, entitled "Miscellaneous," includes a provision on severability that provides if "a court *or* body of competent jurisdiction" determines that any provision of the CIIAAA is unenforceable, the provision will be enforced to the maximum extent possible. ER-35-37 (emphasis added).

-12-

The district court concluded that severability was delegated exclusively to the court and no other body, including the JAMS arbitrator or any of the administrative agencies referenced throughout (for example, the EEOC and the NLRB).  The district court erred by refusing to honor the parties' "clear and unmistakable" delegation as outlined in Section 13 of the CIIAAA despite Ninth Circuit precedent to the contrary.

The district court cited *Dennison v. Rosland Cap.*, 47 Cal. App. 5th 204, 209-210 (2020) for the proposition that when a contract includes a severability clause stating a court of competent jurisdiction may excise an unconscionable provision, there is no clear and unmistakable delegation to the arbitrator. However, the court in *Dennison* relied on outdated state court precedent for this proposition by citing *Baker v Osborne Dev. Corp.*, 159 Cal.App.4th 884, 891, 893-894 (2008), *Parada v. Superior Court*, 176 Cal.App.4th 1554, 1566 (2009), and *Hartley v. Superior Court*, 196 Cal.App.4th 1249, 1257-1258, 127 Cal.Rptr.3d 174 (2011). All of these cases cited in *Dennison* were decided prior to *Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201 (9th Cir. 2016), a Ninth Circuit case that is squarely on point and should have been applied by the district court.

In *Mohamed*, the Ninth Circuit enforced a delegation provision despite a statement in the contract that "any disputes" were "subject to the exclusive jurisdiction" of San Francisco's state and federal courts. *Id.* at 1209. Because the

-13-

challenged contract in *Mohamed* included a myriad of ways in which a dispute might end up in court notwithstanding the arbitration provision, the Ninth Circuit concluded that the delegation provision did not conflict with the venue provision. *Id.* By the same logic, a general severability provision located outside of a contract's arbitration section does not render a delegation provision ambiguous. *See, e.g.*, *Bell v. Redfin Corp.*, No. 20-CV-2264-AJB-AGS, 2021 WL 5444791, at *4 (S.D. Cal. Aug. 12, 2021) (citing *Taylor v. Shutterfly, Inc.*, No. 18-cv-00266-BLF, 2018 WL 4334770, at *5-6 (N.D. Cal. Sept. 11, 2018) (finding reference to "court of competition jurisdiction" in contract provision "does not render the express delegation clause of the Arbitration Agreement ambiguous")); *MegaCorp Logistics LLC v. Turvo, Inc.*, No. 18-cv-01240-EMC, 2018 WL 3619656, at *6 (N.D. Cal. July 30, 2018) (finding the following clause did not render the delegation clause ambiguous: "if any provision of the contract is held by a court of competent jurisdiction to be unenforceable, then the validity of the remaining provisions shall not be affected.").

The same district court that concluded the severability provision in the CIIAAA negated the clear delegation of arbitrability to the arbitrator reached the opposite conclusion in *Redfin*. *Redfin*, 2021 WL 5444791, at *4. The plaintiff in *Redfin* was a real estate agent who had both an independent contractor agreement and an employment agreement. *Id.* at *1. Each agreement contained arbitration

-14-

provisions and severability provisions that were similar to the CIIAAA in that they contemplated that someone other than an arbitrator might have reason to determine enforceability of a provision of the underlying agreement. *Id.* The district court concluded that the provisions contemplating review of the agreement by a court did not render arbitrability outside of the purview of an arbitrator. *Id.* at *4; *see also McLellan v. Fitbit, Inc.*, No. 3:16-CV-00036-JD, 2017 WL 4551484, at *4 (N.D. Cal. Oct. 11, 2017) (holding that a severability statement "does not make ambiguous the parties' delegation of gateway issues" where, among other things, the contract allowed individuals to opt out of arbitration and bring suits for injunctive relief without having to arbitrate).

In reaching its conclusion, the district court in *Redfin* relied on other federal court cases that were decided after *Mohamed*. In *MegaCorp*, the plaintiff asserted that there was no clear and unmistakable delegation because the agreement between the parties contained a provision that stated, "if a provision of the contract is held by a court of competent jurisdiction to be unenforceable, then the validity of the remaining provisions shall not be affected." *MegaCorp Logistics LLC v. Turvo, Inc.*, 2018 WL 3619656, at *6. The district court analyzed the decision in *Mohamed* and found that the "reference of competent jurisdiction in one provision in the [agreement] does not render the delegation clause of the arbitration provision ambiguous." *Id*.

-15-

The court in *Redfin* also applied *Shutterfly,* in which the plaintiff argued that the delegation to arbitration was not clear and unmistakable because the severability provision uses the phrase "court of competent jurisdiction" rather than "arbitrator." *Shutterfly*, 2018 WL 4334770, at *4. In deciding the issue, the court noted that although *Mohamed* did not concern a severability provision, *Mohamed's* reasoning was applicable because "no matter how broad the arbitration clause, the parties may need to invoke the jurisdiction of a court for adjudicating claims that are not covered by their arbitration agreement or to seek other remedies." *Id.* at *5 (citing *Mohamed*, 848 F.3d at 1209). "In those situations, the parties would need to submit to a court of competent jurisdiction whose adjudication may require the severance of provisions in their agreement." *Shutterfly*, 2018 WL 4334770, at *5.

The CIIAAA is similar to the agreements at question in the post-*Mohamed* cases. While it is clear that the parties intended for an arbitrator to address employment-related claims, there are circumstances where another body of competent jurisdiction might consider the enforceability of certain provisions. For example, the CIIAAA delegates an injunction related to the restrictive covenants to a court. ER-35. Likewise, Section 13.D. permits the employee to file a complaint with an administrative agency that may be required to interpret some provision of the CIIAAA. ER-35-36. According to *Redfin* and the other federal district court

-16-

cases that followed *Mohamed*, this does not negate the parties' intent for all disputes that are at issue in this underlying lawsuit to be heard by an arbitrator.

The Ninth Circuit precedent is clear: the presence of the severability clause outside of the arbitration provision in the CIIAAA does not render the delegation to arbitration ambiguous so as to override the clear and unmistakable agreement to arbitrate arbitrability in accordance with JAMS rules as specified in Section 13.

## II.     THE ARBITRATION PROVISION IS ENFORCEABLE.

Because the district court should have enforced the delegation clause, this Court need not reach the remaining issues and should simply reverse the district court's threshold ruling regarding delegation and send the matter to the arbitrator to determine enforceability.

In any event, even if this Court proceeds to examine enforceability, the Arbitration Provision is enforceable, and the district court's ruling that the Arbitration Provision is unconscionable and unenforceable is in error and should be vacated.

Both procedural and substantive unconscionability must be present before a trial court may refuse to enforce an employment arbitration agreement as unconscionable, with the courts using a "sliding scale" in its assessment, such that the less procedurally unconscionable the contract term, the more evidence of substantive unconscionability is required to find an agreement unenforceable.

-17-

*Bielski v. Coinbase, Inc.,* 87 F. 4th 1003, 1013 (9th Cir. 2023); *Armendariz v. Foundation Health Psychcare Services, Inc*., 6 P.3d 669, 690 (Cal. 2000).

The district court's ruling here of procedural unconscionability was premised only on the Arbitration Provision's general adhesive nature, which both California courts and the Ninth Circuit hold only "give rise to a low degree of procedural unconscionability at most." *Poublon*, 846 F.3d at 1261-62. ER-9-12. Indeed, the district court here ruled that there was only "a low degree of procedural unconscionability based on the Arbitration Provision's adhesive nature" ER-12. Thus, the Arbitration Provision must be enforced "unless the degree of substantive unconscionability is high." *Poublon*, 846 F.3d at 1261 (quoting *Serpa v. California Surety Investigations, Inc.,* 155 Cal.Rptr.3d 506, 512 (Ct. App. 2013)). The provisions that the district court pointed out to rule that there was substantive unconscionability, fail to even come close to meeting that high standard.

The district court pointed to the following four provisions in finding substantive unconscionability: (1) the parties subject to the Arbitration Provision (ER-14-15); (2) the jury waiver provision (ER-15-16); (3) duration of the CIIAAA (ER-16); and (4) the carve-out for "equitable or injunctive relief" for breach of the restrictive covenants of the CIIAAA (ER-13-14).

However, none of the provisions referred to by the district court are unconscionable, let alone to the high degree of unconscionability required to deem

-18-

the Arbitration Provision unenforceable.

A.   **The District Court Erred In Ruling That There Is A Lack of Mutuality As to the Parties Subject to the Arbitration Provision.**

The district court erroneously ruled that the Arbitration Provision here contained the same one-sided provision that the California Court of Appeal in *Cook v. University of Southern California*, 321 Cal.Rptr.3d 336 (Ct. App. 2024) recently concluded lacked mutuality as to the parties subject to the Arbitration Provision. ER-14-15.

The district court contrasted sections of the CIIAAA, which defined the term "Company" as "Modernizing Medicine, Inc., its subsidiaries, affiliates, successors or assigns" (ER-14-15), and Section 13.A. of the agreement, which states: "this agreement to arbitrate also applies to any disputes that the Company may have with me…" (ER-15), with the portion of the Arbitration Provision that stated Sandler "agree[s] that any and all controversies, claims, or disputes with anyone (including the Company and any employee, officer, director, stockholder, or benefit plan of the company, in their capacity as such or otherwise), … arising out of, relating to, or resulting from my employment with the company or the termination of my employment with the company, including any breach of this agreement, shall be subject to binding arbitration." ER-15.

Adopting Sandler's flawed argument, the district court then held that, just like in *Cook*, those provisions mean that the Arbitration Provision here required

-19-

Sandler to arbitrate all claims she may have against ModMed or its related entities, but did not require ModMed's related entities to arbitrate their claims against Sandler, and was therefore one-sided. ER-14-15.

That conclusion is wrong and is contrary to the express terms of the agreement. The very terms that the district court points to belie its erroneous conclusion that ModMed's related entities are not required to arbitrate their employment-related claims against Sandler. The Arbitration Provision clearly states that the Company promises to arbitrate all employment-related disputes:

> IN CONSIDERATION OF MY EMPLOYMENT WITH ***THE COMPANY***, ***ITS*** PROMISE TO ARBITRATE ALL EMPLOYMENT-RELATED DISPUTES …

ER-34 (capitals in original, bold and italics added). The definition of "Company" expressly includes ModMed's related entities:

> Modernizing Medicine, Inc., its subsidiaries, affiliates, successors or assigns (together, the "**Company**")

ER-27 (bold in original). Further, the Arbitration Provision expressly states: "this agreement to arbitrate also applies to any disputes that the Company[1] may have with me…"  ER-34-35.

There is simply no basis for the district court's ruling that the Arbitration Provision does not require ModMed's related entities to also arbitrate their

---

[1] As explained above, "Company" is defined to include ModMed's related entities.

employment-related claims against Sandler, when the terms of the agreement expressly include ModMed's related entities.

Moreover, the Arbitration Provision here is in no way similar to the one in *Cook.* The agreement in *Cook* required the employee to "arbitrate all claims against the employer, its agents, affiliates, and employees ***irrespective of whether they arise from the employment relationship.***" *Cook*, 321 Cal.Rptr.3d at 339-340 (emphasis added). In contrast, here, the Arbitration Provision expressly states that it applies to employment-related disputes – i.e., claims or disputes "arising out of, relating to, or resulting from my employment with the company or the termination of my employment with the company, including any breach of this agreement…" ER-34 (all-caps omitted).

In *Cook,* the court was concerned that the agreement required the employee to "give up the ability to ever bring claims in court against a USC employee ***that are unrelated to USC or her employment there***." *Id.* at 348 (emphasis added). The Court of Appeal in *Cook* noted that "[t]he agreement's purpose is not directed only at disputes related to Cook's employment ***but instead requires Cook to arbitrate claims that do not relate to her employment or her employer***." *Id.* at 350 (emphasis added). No such scenario is present here.

*Cook* is inapposite and provides no basis to find the Arbitration Provision here unconscionable.

**B.** **The District Court Erred In Ruling That There Is A Lack Of Mutuality As To the Jury Waiver Provision.**

The district court also erred in concluding that the jury waiver provision in the Arbitration Provision applies only to Sandler. Contrary to the district court's conclusion, the fact that Section 13.A states: "… disputes that *I agree* to arbitrate, and thereby agree to waive any right to a trial by jury…" (ER-34 (all-caps omitted, italics added), and that Section 13.E states: "I further acknowledge and agree that I … fully understand it, including that *I am waiving my right to a jury trial*…" (ER-36 (all -caps omitted, italics and bold in original), does not mean that only Sandler is waiving the right to a jury. These provisions are merely reminding Sandler and ensuring that Sandler understands that arbitration means she will not have a right to a jury. It does not mean that it is a unilateral jury waiver that applies only to Sandler. The agreement is clear that ModMed is also agreeing to arbitration. Thus, the Arbitration Provision states:

> …THIS AGREEMENT TO ARBITRATE ALSO APPLIES TO ANY DISPUTES THAT *THE COMPANY* MAY HAVE WITH ME, INCLUDING BUT NOT LIMITED TO, MISUSE OF CONFIDENTIAL INFORMATION OR INTERFERENCE WITH COMPANY BUSINESS AND WORKFORCE, UNFAIR COMPETITION OR MATTERS INVOLVING INVENTIONS.

ER-34-35 (capitals in original; emphasis added). The Arbitration Provision further states:

> NEITHER I ***NOR THE COMPANY*** WILL BE PERMITTED TO PURSUE COURT ACTION REGARDING CLAIMS THAT ARE SUBJECT TO ARBITRATION.

ER-35 (capitals in original; emphasis added). Clearly, the Arbitration Provision applies to both Sandler and ModMed and means no jury trial for either.

As the California Court of Appeal stated: "we simply do not believe ... the mere inclusion of the words 'I agree' by one party in an otherwise mutual arbitration provision destroys the bilateral nature of the agreement." *Roman,* 92 Cal.Rptr.3d at 162. The California Court of Appeal further stated that, even if there were some ambiguity, "given the public policy favoring arbitration and the requirement we interpret the provision in a manner that renders it legal rather than void, we would necessarily construe the arbitration agreement as imposing a valid, mutual obligation to arbitrate." *Id.*

Just as in *Roman,* the mere inclusion of the words "I agree" in the otherwise mutual Arbitration Provision here does not destroy the bilateral nature of the agreement. The bilateral nature of the jury waiver here is preserved; and the district court erred in concluding that there is a lack of mutuality as to the jury waiver provision.

### C. <u>The District Court Erred In Ruling That the Arbitration Provision Is Unconscionable Because of Its Infinite Duration.</u>

Again, the district court erroneously relied on *Cook* in ruling that the Arbitration Provision here is unconscionable because sections of the CIIAAA outside of the actual Arbitration Provision state that "[n]o modification of or amendment to this Agreement, nor any waiver of any rights under this Agreement, will be effective unless in a writing signed by the President or CEO of Company and me," and that "[t]he rights and obligations of the parties to this Agreement will survive termination of my employment with the Company." ER-16.

The district court's reliance on *Cook* is again misplaced. In *Cook,* the court ruled that the infinite duration of the agreement was unconscionable because the agreement there required the employee to "arbitrate all claims against the employer, its agents, affiliates, and employees ***irrespective of whether they arise from the employment relationship***." *Cook*, 321 Cal.Rptr.3d at 339-340 (emphasis added). Thus, the Court of Appeal in *Cook* agreed with the trial court's concern that "for the rest of her life, if Plaintiff were to suffer an injury related to USC or its related entities, Plaintiff could be ordered to arbitrate such claims" and that "***this would include claims completely unrelated to her employment***," such that "if Cook was 'the victim of a botched surgery in a USC hospital in 15 years, her claims could be subject to the arbitration agreement.'" *Id.* at 341 (emphasis added). In contrast, here, the Arbitration Provision expressly states that it applies only to

employment related disputes. ER-34-35. The absurd result of the infinite duration

of the *Cook* agreement is not present here.

> **D.**     **The District Court Erred In Ruling That the Carve-Out For Equitable Or Injunctive Relief For Breach of the Restrictive Covenants of the CIIAAA Is Unconscionable.**

The district court ruled that the Arbitration provision is unfairly one-sided

because it believed that the agreement excludes from arbitration ModMed's

potential claims for injunctive, declaratory, or other equitable relief, specific

performance, and damages for the unauthorized use/disclosure of confidential

information, interference with company employees, and to enforce any covenants

or promises. ER-13-14.

The district court reasoned that the use of the phrases "legal action," "legal

relief," and "legal proceeding" in Sections 2.B., 8, and 12 of the agreement means

that the agreement excludes from arbitration ModMed's claims against Sandler.

These sections state in relevant part, respectively:

> … I understand that my unauthorized use or disclosure of Company Confidential Information during my employment may lead to disciplinary action, up to and including immediate termination and legal action by the Company.

ER-28.

> …I agree that … I will refrain from initiating contact with any then current employees of Company to leave the employ or service of Company or otherwise disrupt, damage, impair or interfere with the business of the Company by way of raiding its employees. In particular, I acknowledge that any initial contact is improper and that Company

may seek legal relief including an injunction, declaratory relief, specific performance, and/or substantial damages against me as a result of same…

ER-32.

… I agree that such a breach would cause irreparable injury to the Company, and that if the Company shall bring legal proceedings against me to enforce any covenants or promises, the Company shall be entitled to seek all available civil remedies, at law or in equity, including, without limitation, an order of specific performance, an injunction without posting a bond, monetary damages, attorneys' fees, and costs. These remedies are in addition to any other rights or remedies available to the Company.

ER-34.

The district court misinterprets the terms of the agreement; and its conclusion is in error. The phrases "legal action," "legal relief," and "legal proceeding" are not in conflict with, nor do they negate, ModMed's agreement to also arbitrate its employment-related claims against Sandler. While these sections recite that ModMed may seek legal relief for an injunction, declaratory relief, specific performance, and/or damages against Sandler for her breach, it does not necessarily mean that the action may be brought in court, rather than in arbitration. Arbitration proceedings are still "legal proceedings," after all, and such relief can be obtained in arbitration. Indeed, the Arbitration Provision expressly states that:

…THE ARBITRATOR SHALL HAVE THE POWER TO DECIDE ANY MOTIONS BROUGHT BY ANY PARTY TO THE ARBITRATION, INCLUDING MOTIONS FOR SUMMARY JUDGMENT AND/OR ADJUDICATION, MOTIONS TO DISMISS

-26-

AND DEMURRERS, AND MOTIONS FOR CLASS CERTIFICATION, PRIOR TO ANY ARBITRATION HEARING…

and that

…THE ARBITRATOR SHALL HAVE THE POWER TO AWARD ANY REMEDIES AVAILABLE UNDER APPLICABLE LAW…

ER-35 (capitals in original).

Under JAMS Rule 24(c): "The Arbitrator may grant any remedy or relief that is just and equitable and within the scope of the Parties' agreement, including, but not limited to, specific performance of a contract or any other equitable or legal remedy." ER-61-62.

Thus, the fact that the agreement refers to legal relief for an injunction, declaratory relief, specific performance, and/or damages does not necessarily exclude arbitration.

The agreement is clear that both ModMed and Sandler exchanged a mutual promise to arbitrate claims arising out of Sandler's employment. Thus, Section 13.C of the Arbitration Provision in no uncertain terms provides:

…NEITHER I NOR THE COMPANY WILL BE PERMITTED TO PURSUE COURT ACTION REGARDING CLAIMS THAT ARE SUBJECT TO ARBITRATION…

ER-35 (capitals in original). ModMed agreed to bind itself to arbitration, same as Sandler.

-27-

The district court deemed unconscionable the portion in section 13.C. of the Arbitration Provision that allows ModMed to apply to a court for injunctive relief for Sandler's breach of the restrictive covenants, because it viewed the provision as broader than the carve-out allowed by Cal. Code Civ. Proc. §1281.8. The district court stated: "The CIIAAA's carve-out here is not so limited. It broadly includes claims for injunctive or equitable relief – not just provisional remedies that seek to preserve the status quo during an arbitration." ER-14. In this regard, Section 13.C. of the Arbitration Provision states:

> … NOTHING, INCLUDING IN THIS SECTION 13, SHALL PREVENT THE COMPANY FROM APPLYING TO A COURT OF COMPETENT JURISDICTION TO OBTAIN EQUITABLE OR INJUNCTIVE RELIEF SUCH AS AN APPLICATION FOR A TEMPORARY/PRELIMINARY OR PERMANENT INJUNCTION FOR BREACH OF THE RESTRICTIVE COVENANTS CONTAINED IN THIS AGREEMENT.

ER-35 (capitals in original).

However, contrary to the district court's ruling, there is evidence regarding the business realities that justify the carve-out exception in Section 13.C. ModMed exists in a competitive business world where every advantage – particularly the unfair advantages that result from interference with the business or workforce of the Company, and the use or disclosure of confidential information – matter. Sandler's breach of the confidential information and solicitation provisions would cause ModMed to suffer irreparable harm. As such, ModMed has demonstrated a

-28-

legitimate business interest in reserving the right to seek injunctive relief from a court for such breaches. *Stirlen v. Supercuts, Inc*., 60 Cal.Rptr.2d 138 (Ct. App. 1997).

Even if this carve-out provision allowing ModMed to apply to a court for equitable or injunctive relief for Sandler's breach of the restrictive covenants is deemed unconscionable, however, any unconscionability is easily remedied by severing the provision; and the district court erred in refusing to sever as set forth more fully below.

## III.    TO THE EXTENT ANY OF THE PROVISIONS OF THE CONTRACT ARE UNENFORCEABLE, THEY SHOULD HAVE BEEN SEVERED.

The district court erred by refusing to sever the provisions of the agreement that it deemed unenforceable.

Severance is "the strong legislative and judicial preference" in California. *Roman*, 92 Cal. Rptr. 3d at 166.  "A court may 'refuse to enforce the entire agreement' only when it is 'permeated by unconscionability.'"  *Poublon*, 846 F.3d at 1273 (quoting *Armendariz*, 6 P.3d at 695).  "On the other hand, '[i]f the illegality is collateral to the main purpose of the contract, and the illegal provision can be extirpated from the contract by means of severance or restriction, then such severance and restriction are appropriate.'"  *Id*. (alteration in original).

Moreover, California contract law prohibits voiding a contract unless the entire purpose of the contract is unlawful.  Cal. Civil Code § 1599 (West 2024)

-29-

(where a contract has "several distinct objects, of which one at least is lawful," the contract is valid as to the lawful object(s)).

And, the California Civil Code provides that if a court concludes that a contract contains one or more unconscionable clause, it may (1) "refuse to enforce the contract;" (2) "enforce the remainder of the contract without the unconscionable clause;" or (3) "limit the application of any unconscionable clause as to avoid any unconscionable result." Cal. Civ. Code § 1670.5 (West 2024). Although the statute "appears to give a trial court some discretion as to whether to sever or restrict the unconscionable provision or whether to refuse to enforce the entire agreement," "it also appears to contemplate the latter course ***only*** when an agreement is "permeated" by unconscionability." *Armendariz*, 6 P.3d at 695 (emphasis added).

California law rejects a per se rule "that an agreement is necessarily permeated by unconscionability if more than one clause in the agreement is unconscionable or illegal." *Poublon*, 846 F.3d at 1273. Instead, "the dispositive question is whether 'the central purpose of the contract' is so tainted with illegality that there is no lawful object of the contract to enforce." *Poublon*, 846 F.3d at 1273.

The district court erred in ruling that the arbitration agreement here was so permeated with illegality that the provisions deemed unconscionable could not be

severed. The agreement here is mutual in nearly all respects and, thus, not permeated with unconscionability.

The district court erroneously ruled that there are multiple unconscionable provisions, which it said, "taken together represent an attempt to enforce a one-sided alternative to litigation that favors the employer." ER-17. As set forth above, however, at most only one provision could *possibly* be considered "one-sided" – the carve-out for equitable or injunctive relief for breach of the restrictive covenants of the CIIAAA. As discussed *supra*, this provision is not unconscionable and is a common provision in arbitration agreements. Nevertheless, even if it is unconscionable, it could easily be remedied by severing, as follows:

> C. *Remedy*. EXCEPT AS PROVIDED BY THE ACT AND THIS AGREEMENT, ARBITRATION SHALL BE THE SOLE, EXCLUSIVE, AND FINAL REMEDY FOR ANY DISPUTE BETWEEN ME AND THE COMPANY. ACCORDINGLY, EXCEPT AS PROVIDED FOR BY THE ACT AND THIS AGREEMENT, NEITHER I NOR THE COMPANY WILL BE PERMITTED TO PURSUE COURT ACTION REGARDING CLAIMS THAT ARE SUBJECT TO ARBITRATION. ~~NOTWITHSTANDING ANY PROVISION IN THIS AGREEMENT TO THE CONTRARY, NOTHING, INCLUDING IN THIS SECTION 13, SHALL PREVENT THE COMPANY FROM APPLYING TO A COURT OF COMPETENT JURISDICTION TO OBTAIN EQUITABLE OR INJUNCTIVE RELIEF SUCH AS AN APPLICATION FOR A TEMPORARY/PRELIMINARY OR PERMANENT INJUNCTION FOR BREACH OF THE RESTRICTIVE COVENANTS CONTAINED IN THIS AGREEMENT.~~

When that provision is severed, the resulting agreement will no longer contain any substantively unconscionable provisions. The Ninth Circuit did the very same in

-31-

*Poublon v. C.H. Robinson Company*, severing "the portion of the dispute resolution provision that permits [one party, but not the other], to seek judicial resolution of specified claims." *Poublon,* 846 F.3d at 1273.

Moreover, after the carve-out is severed, any statutory rights that may apply under California Code of Civil Procedure section 1281.8(b) to seek provisional judicial remedies pending arbitration are still retained, thereby "satisfying any need for 'quick judicial intervention' to 'safeguard' …'proprietary information.'" *See Farrar v. Direct Commerce, Inc.*, 215 Cal.Rptr.3d 785, 800 (Ct. App. 2017); *see also Poublon*, 846 F.3d at 1273 (severing "the portion of the dispute resolution provision that permits [one party, but not the other], to seek judicial resolution of specified claims" and holding that "[t]his provision can be extirpated without affecting the remainder of the paragraph and is 'collateral to the main purpose of the contract,' which is to require arbitration of disputes."). Thus, this is not a case in which the Arbitration Provision is "permeated" with unconscionability and, therefore, would have to be "reformed" in order to eliminate unconscionability. The purportedly objectionable provision can be severed without altering or reforming the agreement; and once that provision has been severed, what is left is a fair, reasonable, and mutual agreement to arbitrate.

Further, even if the other provisions the district court pointed to here may be deemed unconscionable (which, as set forth above, are in fact not unconscionable

-32-

because the district court misinterpreted the terms of the agreement and erred in its legal analysis), they are likewise easily severable from the remainder of the agreement. Despite the district court's unexplained statement to the contrary (ER-17), the provisions identified do not "represent an attempt to enforce a one-sided alternative to litigation that favors the employer;" rather, they can be cleanly excised without requiring any augmentation.

Severing the terms deemed unconscionable and unenforceable, and enforcing the rest of the agreement, "give[s] effect to the mutual intention of the parties." *Bank of the West v. Superior Court*, 833 P.2d 545, 552 (Cal. 1992). Section 14.E. of the CIIAAA, entitled "Severability," states that if any provision or portion thereof of the CIIAAA is found to be invalid or unenforceable, such provision "will be enforced to the maximum extent permissible so as to effect the intent of the Parties, and the remainder of this Agreement will continue in full force and effect." ER-36-37. The parties thus entered the agreement expecting that any unlawful provisions would be severed. Severing the unconscionable provisions honors not only that mutual contractual expectation, but also the fundamental goal of contractual interpretation. *Bank of the West,* 833 P.2d at 552.

The district court refused to sever the provisions only by failing to perform the severability analysis that California law requires for all contracts. "The dispositive question is whether 'the central purpose of the contract' is so tainted

with illegality that there is no lawful object of the contract to enforce." *Poublon*, 846 F.3d at 1273. The district court did not explain why, if the unconscionable provisions (which, as set forth above, really amounts to only one provision) were severed, there would be no lawful object of the contract remaining, so as to render the entire agreement void. *Poublon*, 846 F.3d at 1273. Instead, the district court's refusal to sever was based merely on the existence of what it believed were multiple unconscionable provisions. ER-17-18 ("As discussed above, multiple provisions of the CIIAAA are substantively unconscionable. Taken together, the provisions represent an attempt to enforce a one-sided alternative to litigation that favors the employer.").

Not only does California reject a per se rule "that an agreement is necessarily permeated by unconscionability if more than one clause in the agreement is unconscionable or illegal" (*Poublon*, 846 F.3d at 1273), but, as set forth above, there are not even multiple unconscionable provisions here. Perhaps even more importantly, the provision deemed "unconscionable" by the district court is not even relevant – the Company is not seeking injunctive or declaratory relief in this litigation.

**CONCLUSION**

For the foregoing reasons, ModMed respectfully requests this Court to vacate the district court's order denying ModMed's Motion to Compel Arbitration

-34-

and to Stay the Action Pending Arbitration.  ModMed further respectfully requests this Court to direct the district court to order Sandler to submit all claims in her Complaint to arbitration before JAMS, and to direct the district court to stay the underlying action pending completion of the arbitration.

Date:  April 1, 2025                                   **BARTON, LLP**

                                                          /s/ *Leslie Goff Sanders*____
                                                          Leslie Goff Sanders
                                                          BARTON LLP
                                                          611 Commerce Street, Suite 2911
                                                          Nashville, TN  37203
                                                          Tel: (615) 340-6790

                                                          Bernard M. Resser
                                                          BARTON LLP
                                                          100 Wilshire Boulevard, Suite 1300
                                                          Santa Monica, CA 90401
                                                          Telephone: (212) 687-6262

                                                          *Attorneys for Appellant*
                                                          MODERNIZING MEDICINE, INC.

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

**Form 17. Statement of Related Cases Pursuant to Circuit Rule 28-2.6**

*Instructions for this form:*
*http://www.ca9.uscourts.gov/forms/form17instructions.pdf*

**9th Cir. Case Number(s)** ___24-6623_____

The undersigned attorney or self-represented party states the following:

[ **X** ]   I am unaware of any related cases currently pending in this court.

[  ] I am unaware of any related cases currently pending in this court other than the case(s) identified in the initial brief(s) filed by the other party or parties.

[  ] I am aware of one or more related cases currently pending in this court. The case number and name of each related case and its relationship to this case are:

**Signature** s/Leslie Sanders **Date** April 1, 2025
*(use "*s/[typed name]*" to sign electronically-filed documents)*

36

**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

**Form 8. Certificate of Compliance for Briefs**

*Instructions for this form:*

*http://www.ca9.uscourts.gov/forms/form08instructions.pdf*

**9th Cir. Case Number(s)** _____24-6623_____

I am the attorney or self-represented party.

**This brief contains 7,555 words,** including 0 words manually counted in any visual images, and excluding the items exempted by FRAP 32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

[ **X** ] complies with the word limit of Cir. R. 32-1.

[  ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[  ] is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[  ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[  ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:

    [  ] it is a joint brief submitted by separately represented parties.

    [  ] a party or parties are filing a single brief in response to multiple briefs.

    [  ] a party or parties are filing a single brief in response to a longer joint brief.

[  ] complies with the length limit designated by court order dated _____.

[  ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** *s/ Leslie Goff Sanders*      **Date** **April 1, 2025**
*(use "*s/[typed name]*" to sign electronically-filed documents)*

No. 24-6623

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

_____

KARA SANDLER,

Plaintiff-Appellee

v.

MODERNIZING MEDICINE, INC.,

Defendant-Appellant

_____

On Appeal from the United States District Court
for the Southern District of California

Case No. 3:24-cv-00812-AJB-BJC
Hon. Anthony J. Battaglia

_____

**CIRCUIT COURT 28-2.7 ADDENDUM
TO APPELLANT'S OPENING BRIEF**

_____

Leslie Goff Sanders
BARTON LLP
611 Commerce Street, Suite 2911
Nashville, TN  37203
Tel: (615) 340-6790

Bernard M. Resser
BARTON LLP
100 Wilshire Boulevard, Suite 1300
Santa Monica, CA 90401
Telephone: (212) 687-6262

*Attorneys for Appellant*
MODERNIZING MEDICINE, INC.

## **TABLE OF CONTENTS TO ADDENDUM**

9 U.S.C. §2 ..................................................................... A2

9 U.S.C. §3 ..................................................................... A3

9 U.S.C. §4 ..................................................................... A4

Cal. Civ. Code § 1599.......................................................... A5

Cal. Civ. Code § 1670.5........................................................ A6

Cal. Code Civ. Proc. § 1281.8................................................ A7

-A1-

# 9 U.S.C. §2

§ 2. Validity, irrevocability, and enforcement of agreements to arbitrate

A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract or as otherwise provided in chapter 4.

**9 U.S.C. §3**

§ 3. Stay of proceedings where issue therein referable to arbitration

If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

## 9 U.S.C. § 4

§ 4. Failure to arbitrate under agreement; petition to United States court having jurisdiction for order to compel arbitration; notice and service thereof; hearing and determination

A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement. Five days' notice in writing of such application shall be served upon the party in default. Service thereof shall be made in the manner provided by the Federal Rules of Civil Procedure. The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. The hearing and proceedings, under such agreement, shall be within the district in which the petition for an order directing such arbitration is filed. If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof. If no jury trial be demanded by the party alleged to be in default, or if the matter in dispute is within admiralty jurisdiction, the court shall hear and determine such issue. Where such an issue is raised, the party alleged to be in default may, except in cases of admiralty, on or before the return day of the notice of application, demand a jury trial of such issue, and upon such demand the court shall make an order referring the issue or issues to a jury in the manner provided by the Federal Rules of Civil Procedure, or may specially call a jury for that purpose. If the jury find that no agreement in writing for arbitration was made or that there is no default in proceeding thereunder, the proceeding shall be dismissed. If the jury find that an agreement for arbitration was made in writing and that there is a default in proceeding thereunder, the court shall make an order summarily directing the parties to proceed with the arbitration in accordance with the terms thereof.

-A4-

## Cal. Civ. Code § 1599

§ 1599. One of several objects unlawful; effect

Where a contract has several distinct objects, of which one at least is lawful, and one at least is unlawful, in whole or in part, the contract is void as to the latter and valid as to the rest.

## Cal. Civ. Code § 1670.5

§ 1670.5. Unconscionable contract or clause of contract; finding as matter of law; remedies

(a) If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result.

(b) When it is claimed or appears to the court that the contract or any clause thereof may be unconscionable the parties shall be afforded a reasonable opportunity to present evidence as to its commercial setting, purpose, and effect to aid the court in making the determination.

## Cal. Code Civ. Proc. § 1281.8

§ 1281.8. Provisional remedies; attachment, temporary protective or restraining order, writ of possession, preliminary injunction, or receiver

(a) As used in this section, "provisional remedy" includes the following:

(1) Attachments and temporary protective orders issued pursuant to Title 6.5 (commencing with Section 481.010) of Part 2.

(2) Writs of possession issued pursuant to Article 2 (commencing with Section 512.010) of Chapter 2 of Title 7 of Part 2.

(3) Preliminary injunctions and temporary restraining orders issued pursuant to Section 527.

(4) Receivers appointed pursuant to Section 564.

(b) A party to an arbitration agreement may file in the court in the county in which an arbitration proceeding is pending, or if an arbitration proceeding has not commenced, in any proper court, an application for a provisional remedy in connection with an arbitrable controversy, but only upon the ground that the award to which the applicant may be entitled may be rendered ineffectual without provisional relief. The application shall be accompanied by a complaint or by copies of the demand for arbitration and any response thereto. If accompanied by a complaint, the application shall also be accompanied by a statement stating whether the party is or is not reserving the party's right to arbitration.

(c) A claim by the party opposing issuance of a provisional remedy, that the controversy is not subject to arbitration, shall not be grounds for denial of any provisional remedy.

(d) An application for a provisional remedy under subdivision (b) shall not operate to waive any right of arbitration which the applicant may have pursuant to a written agreement to arbitrate, if, at the same time as the application for a provisional remedy is presented, the applicant also presents to the court an application that all other proceedings in the action be stayed pending the arbitration of any issue, question, or dispute which is claimed to be arbitrable under the agreement and which is relevant to the action pursuant to which the provisional remedy is sought.

-A7-