No. 24-6623

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

———————————————

KARA SANDLER,

Plaintiff-Appellee

v.

MODERNIZING MEDICINE, INC.,

Defendant-Appellant

———————————————

On Appeal from the United States District Court
for the Southern District of California

Case No. 3:24-cv-00812-AJB-BJC
Hon. Anthony J. Battaglia

———————————————

**APPELLANT MODERNIZING MEDICINE, INC.'S REPLY BRIEF**

———————————————

Leslie Goff Sanders
BARTON LLP
611 Commerce Street, Suite 2911
Nashville, TN  37203
Tel: (615) 340-6790

Bernard M. Resser
BARTON LLP
100 Wilshire Boulevard, Suite 1300
Santa Monica, CA 90401
Telephone: (212) 687-6262

*Attorneys for Appellant*
MODERNIZING MEDICINE, INC.

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES………………………………………………………………..ii

INTRODUCTION……………………………………………………….....................1

ARGUMENT……………………………………………………….……………..1

    I.      WAIVER ON APPEAL DOES NOT APPLY TO NEW
            OR ADDITIONAL AUTHORITY CITED
            ON APPEAL ………………………………………….....……………1

    II.     MODMED'S RELIANCE ON NINTH CIRCUIT
            PRECEDENT IS PROPER……………………….…………………..2

    III.    THE JURY WAIVER PROVISION MUTUALLY
            APPLIES TO BOTH MODMED AND SANDLER……....................4

    IV.    THE DISTRICT COURT ERRED IN RULING THAT
            THE ARBITRATION PROVISION IS INFINITE IN
            DURATION……………………………………..…...................6

    V.     THE DISTRICT COURT ERRED IN REFUSING
            TO ENFORCE THE DELEGATION CLAUSE…..…...…………...7

CONCLUSION…………………………………………………………....9

STATEMENT OF COMPLIANCE……………………………….………………11

i

# **TABLE OF AUTHORITIES**

**Cases**                                                                                    **Page(s)**

*Allen v. Santa Clara County Correctional Peace Officers Association,*
     38 F.4th 68, 71 (9th Cir. 2022)…….…………….….………………….…2

*Ballaris v. Wacker Siltronic Corp.*, 370 F.3d 901 (9th Cir. 2004)…………….…....1

*Bell v. Redfin Corp.*, No. 20-CV-2264-AJB-AGS,
     2021 WL 5444791(S.D. Cal. Aug. 12, 2021)…………………………..8, 9

*Brennan v. Opus Bank*, 796 F.3d 1125 (9th Cir. 2015)………....……...………......7

*Cook v. University of Southern California,*
     102 Cal. App. 5th 312 (2024)……...……………………..…………....…..1, 6

*Dennison v. Rosland Cap.*, 47 Cal. App. 5th 204 (2020)……...……..……..….……7

*Elder v. Holloway*, 510 US 510, 515-516 (1994)…………………….……….…1

*Gonzalez v. Arizona*, 677 F.3d 383 (9th Cir. 2012)…..……………….……3

*Hart v. Massanari*, 266 F. 3d 1155 (9th Cir. 2001)……………………..…2, 4

*McLellan v. Fitbit, Inc.*, No. 3:16-CV-00036-JD,
     2017 WL 4551484 (N.D. Cal. Oct. 11, 2017) ……………………..…...8

*MegaCorp Logistics LLC v. Turvo, Inc.*, No. 18-cv-01240-EMC,
     2018 WL 3619656 (N.D. Cal. July 30, 2018)…………………….……8

*Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201
     (9th Cir. 2016)……………………………….......................1, 2, 8

*Puerta v. United States*, 121 F.3d 1338(9th Cir. 1997)..……...………....………..1, 2

*Smith v. Arthur Andersen LLP*, 421 F.3d 989 (9th Cir. 2005)..………....……..…..2

*Taylor v. Shutterfly, Inc.*, No. 18-cv-00266-BLF,

2018 WL 4334770 (N.D. Cal. Sept. 11, 2018)..……………...........……..….8

*United States v. Langley*, 17 F.4th 1273, 1275 (9th Cir. 2021)..……...…...……….3

*United States v. Pallares-Galan*, 359 F.3d 1088 (9th Cir. 2004)...……...……..….2

*United States v. Ramos-Medina*, 706 F.3d 932 (9th Cir. 2013)..……...………...3

*Velazquez v. CEC Entertainment, LLC*, No. 2:24-cv-03519, 2024 WL 4560169 (C.D. Calif. Oct. 23, 2024)……………………………..……...………......6

*Western Watersheds Project v. United States Dept. of Interior*, 677 F.3d 922, 925 (9th Cir. 2012)………… …….………………….…2

iii

## INTRODUCTION

Defendant-Appellant respectfully submits this reply brief in support of its appeal of the Order of the United States District Court for the Southern District of California denying its motion to compel arbitration.

## ARGUMENT

### I. Waiver on Appeal Does Not Apply to New or Additional Authority Cited on Appeal

On response, Sandler argues that ModMed cannot rely on legal authorities on appeal that were not presented to the district court below. For example, Sandler argues that ModMed is barred from applying *Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201 (9th Cir. 2016) to this case or explaining how *Cook v. University of Southern California*, 102 Cal. App. 5th 312 (2024) is distinguishable.

While a party may waive issues on appeal that were not presented below, the waiver doctrine does not apply to legal authorities cited on appeal in support of issues that were raised below. *See Elder v. Holloway*, 510 US 510, 515-16 (1994); *Ballaris v. Wacker Siltronic Corp.*, 370 F.3d 901, 908 (9th Cir. 2004) ("Where, as here, the question presented is one of law, we consider it in light of all relevant authority, regardless of whether such authority was properly presented in the district court"); *Puerta v. United States*, 121 F.3d 1338, 1341-42 (9th Cir. 1997). The Court has previously dismissed a waiver claim akin to Plaintiff's as "frivolous", explaining that "[an] argument is typically elaborated more

1

articulately, with more extensive authorities, on appeal … and there is nothing wrong with that." *Puerta* at 1341-42.

Sandler's waiver argument is particularly weak since this appeal is ModMed's first opportunity to respond to the district court's Order, including both the district court's legal conclusions and all legal authorities it relied upon to reach them.

Moreover, regarding severability, ModMed has asked to sever any unconscionable provisions all along.  Severance was raised below with the district court, *see* ER-30, and so it is properly before the Court now on appeal where ModMed is allowed to make more elaborate arguments. *See, e.g., Allen v. Santa Clara County Correctional Peace Officers Association,* 38 F.4th 68, 71 (9th Cir. 2022); *Western Watersheds Project v. United States Dept. of Interior*, 677 F.3d 922, 925 (9th Cir. 2012); *Smith v. Arthur Andersen LLP*, 421 F.3d 989, 999 (9th Cir. 2005); *United States v. Pallares-Galan*, 359 F.3d 1088, 1095 (9th Cir. 2004).

## II. ModMed's Reliance on Ninth Circuit Precedent is Proper

Sandler argues that the Court should not rely on and apply *Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201 (9th Cir. 2016). However, *Mohamed* is a prior published decision of the Court, squarely on point, and should be followed.

Prior Ninth Circuit published authority is binding within the Circuit to the same extent as Supreme Court precedent.  *Hart v. Massanari*, 266 F.3d 1155, 1171

2

(9th Cir. 2001) ("Circuit law…binds all courts within a particular circuit, including the court of appeals itself. Thus, the first panel to consider an issue sets the law not only for all the inferior courts in the circuit, but also future panels of the court of appeals.").

Under the "law of the circuit" rule, three-judge panels of the court are bound by prior published Ninth Circuit decisions. *United States v. Langley*, 17 F.4th 1273, 1275 (9th Cir. 2021) ("a published decision of this court constitutes binding authority which must be followed unless and until overruled by a body competent to do so") (*quoting Gonzalez v. Arizona*, 677 F.3d 383, 389 n.4 (9th Cir. 2012)). Panels follow the "law of the circuit" rule whether or not the judges believe prior precedent was correctly decided. *United States v. Ramos-Medina*, 706 F.3d 932, 939 (9th Cir. 2013) ("This panel is not free to disregard the decision of another panel of our court simply because we think the arguments have been characterized differently or more persuasively by a new litigant").

Contrary to Sandler's assertion, ModMed is not asking this Court to rely on only district court cases in ruling on this appeal. ModMed discussed and analyzed in its appellate brief other district court cases that properly followed binding Ninth Circuit precedent, which the district court here should also have done. "Binding authority within this regime cannot be considered and cast aside; it is not merely evidence of what the law is. Rather, caselaw on point is the law. If a court must

3

decide an issue governed by a prior opinion that constitutes binding authority, the later court is bound to reach the same result, even if it considers the rule unwise or incorrect." *Hart,* 266 F.3d at 1170. Here, the Ninth Circuit precedent is clear: the presence of the severability clause outside of the arbitration provision in the Agreement does not render the delegation to arbitration so ambiguous as to override the clear and unmistakable agreement to arbitrate arbitrability in accordance with JAMS rules.

### III. The Jury Waiver Provision Mutually Applies to Both ModMed and Sandler

Sandler asserts that the district court's finding of a lack of mutuality was correct because the arbitration provision "states in two separate subsections that Sandler waives 'any right to a trial by jury,' while it is silent as to whether this waiver applies to ModMed." DE. 23.1, Page 45. However, a simple reading of the two sections cited by Sandler clearly shows that the arbitration provision is not silent as to whether the waiver applies to ModMed. Section 13A clearly states that,

> IN CONSIDERATION OF MY EMPLOYMENT WITH THE COMPANY, ITS PROMISE TO ARBITRATE ALL EMPLOYMENT-RELATED DISPUTES,…

and that

> I FURTHER UNDERSTAND THAT THIS AGREEMENT TO ARBITRATE ALSO APPLIES TO ANY DISPUTES THAT THE COMPANY MAY HAVE WITH ME…[1]

ER-35 (capitalization original). Although that section does not specifically mention that ModMed agrees to waive its right to a jury trial, that was the necessary implication of ModMed's agreement to arbitrate all disputes. ModMed understood that it was waiving its jury trial rights by agreeing to arbitrate, but in case Sandler did not, the Agreement made it expressly clear to her. *See* ER-34.

Sandler also criticizes Section 13E which expresses the voluntary nature of the Confidential Information, Invention Assignment, and Arbitration Agreement (the "Agreement"). ER-36. This section, titled "Voluntary Nature of Agreement," provides:

> I ACKNOWLEDGE THAT I AM EXECUTING THIS AGREEMENT VOLUNTARILY AND WITHOUT ANY DURESS OR UNDUE INFLUENCE OF THE COMPANY OR ANYONE ELSE….I FURTHER ACKNOWLEDGE THAT I HAVE CAREFULLY READ THIS AGREEMENT AND THAT I HAVE ASKED ANY QUESTIONS NEEDED FOR ME TO UNDERSTAND THE TERMS, CONSEQUENCES, AND BINDING EFFECT OF THIS AGREEMENT AND FULLY UNDERSTAND IT, INCLUDING THAT *I AM WAIVING MY RIGHT TO A JURY TRIAL.* FINALLY, I AGREE THAT I HA VE BEEN PROVIDED AN OPPORTUNITY TO SEEK THE ADVICE OF AN ATTORNEY OF MY CHOICE BEFORE SIGNING THIS AGREEMENT.

---

[1] The Company is defined as ModMed, its subsidiaries, affiliates, successors or assigns. ER-27.

ER-36. However, Section 13E only reiterates Sandler's jury trial waiver in the preceding section of the Agreement to doubly emphasize to her the implications of signing the Agreement. The district court erred by finding that the jury trial waiver lacked mutuality because it clearly goes both ways.

## IV. The District Court Erred In Ruling That the Arbitration Provision is Indefinite in Duration

The district court, relying on *Cook*, erroneously concluded that the Arbitration Agreement was "one of indefinite duration." In *Cook*, the arbitration provision effectively required arbitration of all disputes for all time. 102 Cal. App. 5th at 343. It was truly infinite and indefinite. However, as explained in ModMed's principal brief, the Arbitration Agreement here is expressly limited to disputes "arising out of, relating to, or resulting from" Sandler's employment with ModMed. While the Arbitration Agreement does not contain an express expiration date, by virtue of the claims it covers, it will necessarily expire upon the termination of Sandler's employment with ModMed (which has obviously already occurred) plus applicable statutes of limitations. The Arbitration Agreement is not substantively unconscionable because it is not of indefinite duration. *See Velazquez v. CEC Entertainment, LLC*, No. 2:24-cv-03519, 2024 WL 4560169, at *7 (C.D. Calif. Oct. 23, 2024).

6

## V. The District Court Erred in Refusing to Enforce the Delegation Clause

The district court erred in addressing the enforceability of the arbitration provision in the Agreement. The proper course would have been to leave that decision to the arbitrator, as the parties clearly agreed to delegate such gateway issues to arbitration under the JAMS Rules, which were explicitly incorporated into the Agreement. Incorporation of JAMS Rules is sufficient to show "clear and unmistakable" intent to arbitrate questions of arbitrability. *See Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015).

While the district court initially agreed that "incorporation of the JAMS Rules in the Arbitration Provision here constitutes 'clear and unmistakable' evidence that the parties agreed to arbitrate arbitrability", it wrongly reversed course by finding that a severability clause in a separate "Miscellaneous" section of the Agreement undermined this clear delegation. That clause states that if "a court or body of competent jurisdiction" finds a provision unenforceable, the provision should be enforced to the greatest extent possible. ER-35-37. The district court interpreted this to mean that only courts, and not arbitrators, could assess enforceability, effectively overriding the delegation to arbitration.

This was incorrect under binding Ninth Circuit law. The court's reliance on *Dennison v. Rosland Capital*, 47 Cal. App. 5th 204 (2020) was misplaced because that case was based on older California appellate decisions that predate the Ninth

7

Circuit's controlling decision in *Mohamed*. There, the Ninth Circuit upheld a delegation clause despite a statement in the contract that "any disputes" were "subject to the exclusive jurisdiction" of state and federal courts. *Id.* at 1209. The court reasoned that the presence of a judicial forum clause did not invalidate or conflict with the parties' express agreement to delegate arbitrability to an arbitrator.

Applying *Mohamed*, other post-2016 decisions, including *Bell v. Redfin Corp.*, No. 20-CV-2264-AJB-AGS, 2021 WL 5444791, at *4 (S.D. Cal. Aug. 12, 2021), *Taylor v. Shutterfly, Inc.*, No. 18-cv-00266-BLF, 2018 WL 4334770, at *5-6 (N.D. Cal. Sept. 11, 2018), *MegaCorp Logistics LLC v. Turvo, Inc.*, No. 18-cv-01240-EMC, 2018 WL 3619656, at *6 (N.D. Cal. July 30, 2018), and *McLellan v. Fitbit, Inc.*, No. 3:16-CV-00036-JD, 2017 WL 4551484, at *4 (N.D. Cal. Oct. 11, 2017) have consistently held that generic severability provisions referring to courts and allowing individuals to opt out of arbitration and bring suits for injunctive relief do not nullify a clear and unmistakable delegation to arbitration. These courts have reasoned that agreements can foresee multiple forums (e.g., administrative agencies or courts for certain types of claims), and that does not render a delegation clause ambiguous or unenforceable.

The district court below actually reached this conclusion in *Redfin*, holding that similar severability language did not negate a delegation to arbitration. 2021

8

WL 5444791, at *4. The district court erroneously departed from its prior ruling and misapplied outdated state court precedent.

Moreover, the Agreement explicitly contemplates situations where courts or administrative bodies might need to address specific provisions (e.g., injunctions or complaints filed with the EEOC or NLRB). However, those exceptions do not disrupt the parties' overarching agreement that issues of arbitrability are to be decided by an arbitrator, as indicated in the arbitration provision. ER-34-36.

In summary, Ninth Circuit law is clear: a severability clause placed outside the arbitration section of a contract does not override an otherwise valid and unmistakable delegation to arbitrate questions of arbitrability. The district court should have followed this precedent and referred the question of enforceability of the arbitration provision to the arbitrator in accordance with the Agreement and governing law.

## CONCLUSION

For the foregoing reasons, ModMed respectfully requests this Court to vacate the district court's order denying ModMed's Motion to Compel Arbitration and to Stay the Action Pending Arbitration. ModMed further respectfully requests this Court to direct the district court to order Sandler to submit all claims in her Complaint to arbitration before JAMS, and to direct the district court to stay the underlying action pending completion of the arbitration.

Date: July 11, 2025                    **BARTON, LLP**


/s/ Leslie Goff Sanders
Leslie Goff Sanders
BARTON LLP
611 Commerce Street, Suite 2911
Nashville, TN  37203
Tel: (615) 340-6790

Bernard M. Resser
BARTON LLP
100 Wilshire Boulevard, Suite 1300
Santa Monica, CA 90401
Telephone: (212) 687-6262

*Attorneys for Appellant*
MODERNIZING MEDICINE, INC.

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

### Form 8. Certificate of Compliance for Briefs

*Instructions for this form:*

*http://www.ca9.uscourts.gov/forms/form08instructions.pdf*

**9th Cir. Case Number(s)** _____24-6623_____

I am the attorney or self-represented party.

**This brief contains 2,015 words,** including 0 words manually counted in any visual images, and excluding the items exempted by FRAP 32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

[ **X** ] complies with the word limit of Cir. R. 32-1.

[ ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[ ] is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[ ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[ ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:

    [ ] it is a joint brief submitted by separately represented parties.

    [ ] a party or parties are filing a single brief in response to multiple briefs.

    [ ] a party or parties are filing a single brief in response to a longer joint brief.

[ ] complies with the length limit designated by court order dated _____.

[ ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).


**Signature** *s/ Leslie Goff Sanders*_____ **Date July 11, 2025**
*(use "*s/[typed name]*" to sign electronically-filed documents)*

11